# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-551V
Filed: June 20, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PATRICK J. AGNEW and CONSTANCE M. AGNEW, Parents of R.P.A., a Minor, \* \* \* | |
| Petitioners, \* \* | Damages decision based on proffer; Flu Mist vaccine; acute hepatitis; liver failure |
| v. \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, \* \* \* | |
| Respondent. \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tatiana Cody, Kelly Marco, Maureen Urbina, Washington, DC, for petitioners.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On August 30, 2012, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that their son, R.P.A. suffered the sudden onset of acute hepatitis as a result of the Flu Mist vaccination he received on September 28, 2009. Petitioners alleged that because of his acute hepatitis, R.P.A. suffered liver failure and underwent a liver transplantation on October 26, 2009.   The undersigned held an entitlement hearing on October 20, 2015, and issued a Ruling on Entitlement finding for petitioners on March 30, 2016.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On June 20, 2016, respondent filed Respondent's Proffer of Damages.   The undersigned finds the terms of the proffer to be reasonable.   Based on the record as a whole, the undersigned finds that petitioners are entitled to the award as stated in the proffer.   Pursuant to the attached proffer, the court awards:

a.   A lump sum payment of **$234,408.00**, representing compensation for pain and suffering ($225,000.00), and future medical expenses ($9,408.00), in the form of a check payable to petitioners as guardians/conservators of R.P.A., for the benefit of R.P.A.; and

b.   A lump sum payment of **$43,752.63**, representing compensation for past unreimbursable expenses, payable to Patrick Agnew and Constance Agnew, petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 20, 2016                                          /s/ Laura D. Millman
                                                                          Laura D. Millman
                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF THE SPECIAL MASTERS

| | |
|---|---|
| PATRICK J. AGNEW and CONSTANCE ) | |
| M. AGNEW, Parents of R.P.A., a Minor, ) | |
| ) | |
| Petitioners, ) | |
| ) | No. 12-551V |
| v.                                  ) | Special Master Millman |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in

Respondent's Rule 4(c) Report filed on November 9, 2015.  This proffer contains all elements of

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]

A.     Pain and Suffering

Respondent proffers that R.P.A. should be awarded $225,000.00 in actual and projected

pain and suffering.  This amount reflects that the award for projected pain and suffering has been

reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

B.     Past Unreimbursed Expenses

Petitioners have submitted documentation for $43,752.63 in unreimbursed expenses in

this case, to which respondent has no objection.  Thus respondent proffers that petitioners should

be awarded $43,752.63 for past unreimbursed expenses.  Petitioners agree.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

C.     Future Medical Expenses

Respondent proffers that petitioners are entitled to $9,408.00 to pay for two ongoing

medications which will be required for the rest of R.P.A.'s life.  Petitioners agree.

D.     Lost Wages

The parties agree that based upon the evidence of record, R.P.A.'s vaccine-related injury

has not impaired his earning capacity.   Therefore, respondent proffers that petitioners should be

awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-

15(a)(3)(A).  Petitioners agree.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through the following payments:

A.  A lump sum payment of $234,408.00, representing compensation for pain and

suffering ($225,000.00), and future medical expenses ($9,408.00), in the form of a check payable

to petitioners as guardians/conservators of R.P.A., for the benefit of R.P.A.  No payments shall

be made until petitioners provide respondent with documentation establishing that they have

been appointed as the guardians/conservators of R.P.A.'s estate;

B.  A lump sum payment of $43,752.63 representing compensation for past

unreimbursable expenses, payable to Patrick Agnew and Constance Agnew, petitioners;

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Tort Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Alexis B. Babcock
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Dated: June 20, 2016                    Telephone: (202) 616-7678

3