# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-551V
Filed: October 7, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CONSTANCE M. AGNEW, \*<br>Parent of R.P.A., a Minor, \*<br>\*<br>Petitioner, \*<br>\*<br>v. \*<br>\*<br>SECRETARY OF HEALTH \*<br>AND HUMAN SERVICES, \*<br>\*<br>Respondent. \*<br>\* | Damages decision based on proffer;<br>Flu Mist vaccine; acute hepatitis;<br>liver failure |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Renee J. Gentry</u>, Washington, DC, for petitioner.
<u>Alexis B. Babcock</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On August 30, 2012, petitioners Patrick J. Agnew and Constance M. Agnew filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that their son, R.P.A., suffered the sudden onset of acute hepatitis as a result of his receipt of the Flu Mist vaccination on September 28, 2009. Petitioners further alleged that because of his acute hepatitis, T.P.A. suffered liver failure and underwent a liver transplantation on October 26, 2009. The undersigned held an entitlement hearing on October 20, 2015. On March 30, 2016, the undersigned issued a Ruling on Entitlement finding for petitioners. On September 22, 2016,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

petitioners filed an unopposed motion to change the case caption to make Constance M. Agnew the sole petitioner in this case. The undersigned granted petitioners' motion on September 26, 2016.

On October 7, 2016, respondent filed Respondent's Proffer on Damages. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards:

   a. A lump sum payment of $234,408.00, representing compensation for pain and suffering ($225,000.00), and future medical expenses ($9,408.00), in the form of a check payable to petitioner as the guardian/conservator of R.P.A., for the benefit of R.P.A.; and

   b. A lump sum payment of $43,752.63, representing compensation for past unreimbursable expenses, payable to Constance M. Agnew, petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 7, 2016                                      /s/ Laura D. Millman
                                                                          Laura D. Millman
                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF THE SPECIAL MASTERS

| | |
|---|---|
| CONSTANCE M. AGNEW, ) <br> Parent of R.P.A., a Minor, ) <br>  ) <br> Petitioners, ) <br>  ) <br> v.  ) <br>  ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br>  ) <br> Respondent. ) | No. 12-551V <br> Special Master Millman |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.   Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on November 9, 2015. This proffer contains all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]

A.   Pain and Suffering

Respondent proffers that R.P.A. should be awarded $225,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.   Past Unreimbursed Expenses

Petitioner has submitted documentation for $43,752.63 in unreimbursed expenses in this case, to which respondent has no objection. Thus respondent proffers that petitioner should be awarded $43,752.63 for past unreimbursed expenses. Petitioner agrees.

---

[1] Should R.P.A. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

C. <u>Future Medical Expenses</u>

Respondent proffers that petitioners are entitled to $9,408.00 to pay for two ongoing medications which will be required for the rest of R.P.A.'s life. Petitioner agrees.

D. <u>Lost Wages</u>

The parties agree that based upon the evidence of record, R.P.A.'s vaccine-related injury has not impaired his earning capacity. Therefore, respondent proffers that petitioner should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through the following payments:

A. A lump sum payment of $234,408.00, representing compensation for pain and suffering ($225,000.00), and future medical expenses ($9,408.00), in the form of a check payable to petitioner as guardian/conservator of R.P.A., for the benefit of R.P.A. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of R.P.A.'s estate;

B. A lump sum payment of $43,752.63 representing compensation for past unreimbursable expenses, payable to Constance Agnew, petitioner.

                                                Respectfully submitted,

                                                BENJAMIN C. MIZER
                                                Principal Deputy Assistant Attorney General

                                                C. SALVATORE D'ALESSIO
                                                Acting Director
                                                Torts Branch, Civil Division

CATHARINE E. REEVES  
Acting Deputy Director  
Tort Branch, Civil Division

HEATHER L. PEARLMAN  
Assistant Director  
Torts Branch, Civil Division

 s/ Alexis B. Babcock  
ALEXIS B. BABCOCK  
Senior Trial Attorney  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, D.C. 20044-0146  
Telephone: (202) 616-7678

Dated: October 7, 2016