# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-551V
Filed: December 7, 2016
Not for Publication

*************************************
CONSTANCE M. AGNEW,                  *
Parent of R.P.A., a Minor,           *
                                     *
            Petitioner,              *
                                     *
v.                                   *   Attorneys' fees and costs decision;
                                     *   reasonable attorneys' fees and costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************

Renee J. Gentry, Washington, DC, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 30, 2012, petitioners filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioners alleged that their son developed acute hepatitis requiring a liver transplant as a result of his receipt of the influenza ("flu") vaccine on October 26, 2009. After an entitlement hearing, the undersigned issued a ruling on entitlement ruling for petitioners on March 30, 2016. On June 20, 2016, the undersigned issued a decision awarding damages to petitioners based on respondent's proffer. On September 26, 2016, the undersigned issued an Order granting petitioners' motion to amend the case caption because only Constance M. Agnew had applied to be a guardian of R.P.A.'s

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

estate.   October 6, 2016, the undersigned withdrew her decision and stuck respondent's proffer because they were filed when both of R.P.A.'s parents were petitioners in this case.   She issued an amended petition based on respondent's amended proffer on October 7, 2016.

On November 7, 2016, petitioner filed a motion for attorneys' fees and costs.   Petitioner requests attorneys' fees in the amount of $126,479.00, attorneys' costs in the amount of $18,800.00, and personal costs in the amount of $2,378.33 for a total request of $147,657.33.

On December 7, 2016, respondent filed a response to petitioner's motion explaining she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   She further "recommends that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.   42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's request for attorneys' fees and costs is reasonable.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a. **$145,279.00**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and The George Washington University Law School Vaccine Injury Clinic in the amount of **$145,279.00**; and

b. **$2,378.33**, representing petitioner's costs.   The award shall be in the form of a check for **$2,378.33** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: December 7, 2016                               s/ Laura D. Millman
                                                     Laura D. Millman
                                                      Special Master